CHESHIRE.

---

CHESTERFIELD *v.* PERKINS & *a.*

A judgment of a court-martial convicting a soldier of desertion is evidence in a suit between other persons, to show the refusal of the military authorities to accept him as a substitute after his alleged desertion, and the reason of the refusal.

ASSUMPSIT, to recover money paid by the plaintiffs to the defendants for furnishing one W. as a substitute for one F. in the army. There was evidence tending to show that W. was accepted and mustered in, but was claimed in Boston as a deserter from a Massachusetts regiment, and was rejected as a substitute for F., who was compelled to furnish another substitute. The jury found that the defendants warranted W. to be good as a substitute for F. for three years, and that they failed to perform their contract. Subject to the defendants' exception, the plaintiffs introduced in evidence a certified copy, from the records of the war department, of the record of a court-martial showing the conviction and sentence of W. for desertion.

*Faulkners & Batchelder*, for the defendants.

The plaintiffs claimed that at the time the defendants furnished W. as a substitute for F., he was a deserter; and, as tending to show this fact, that after that time he was tried before a court-martial and convicted of being a deserter; and, to prove this fact, they produced a certified copy of the record of the court-martial. The real objection to W. was, not that he was a deserter, but that he was already in the service, and therefore could not be a substitute. Our objection to this evidence was and is, that it was either conclusive evidence that W. was a soldier, or it was not competent evidence. If it is to be treated as conclusive evidence, or any evidence at all, in a suit between these parties, then the plaintiffs obtain the advantage and the defendants sustain the disadvantage of a controversy between third parties, of which they have had no notice, and in which they have no opportunity nor right to be represented. Their rights are conclusively bound by the proceedings of a tribunal of limited jurisdiction, governed not by

fixed laws, but by traditions; not proceeding according to the course of common law, but most arbitrary in all its proceedings; and yet from whose judgments there is no appeal, and whose errors in regard to law or fact cannot be subjected to the revision of any other tribunal. The proceeding before the court-martial, we say, was *res inter alios acta,* and the defendants cannot be bound by the result.

It may be said, that, so far as the finding of the court-martial tended to ascertain the *status* of W., it was like a proceeding *in rem,* and bound all parties, with or without notice. It undoubtedly bound all the parties to the proceedings, the government and W., in any future controversy which might arise between them, or between either of them and any third person. In such case, neither would be heard to object that W. was not a deserter, because the fact had been established in a trial of which both had had notice, and in which each had taken part; but we are unable to see how the fact that W. still owed service to the United States which prevented his becoming a substitute, and of which there must be plenty of evidence elsewhere if such was the fact, can be conclusively shown by the record of the result of a trial at which neither of the parties to this suit was represented. Suppose, for example, that at the trial, W., preferring the punishment he would be likely to receive for desertion to serving out the term of his enlistment as a substitute for F., had falsely pleaded guilty to the charge of desertion : upon this plea a judgment of guilty would have been pronounced, and the result would be, if the plaintiffs' view of the case is correct, that we should be conclusively bound in a controversy with a third person by the false statement of a person whom we have had no opportunity to cross-examine, whose statements we had at the time no opportunity to refute, and the result of whose statements incorporated in the record of the proceedings of a court-martial we are conclusively precluded from denying.

*Cushing* and *C. C. Webster*, for the plaintiffs.

The record of the court-martial was either *prima facie* evidence, or evidence entitled to some weight with the jury. *Vogt* v. *Ticknor,* 48 N. H. 242; *Seavey* v. *Seavey,* 37 N. H. 125.

Doe, C. J. The jury have found that the defendants' contract was, in substance, to cause F. to be released from liability to military service for three years, so far as that object could be accomplished by a substitute acceptable to the military authorities. The question is not whether W. was in the service when accepted as a substitute, nor whether he was a deserter, nor whether the acceptance of him as a substitute ought to have been revoked. The risks on those points were assumed by the defendants. Neither the plaintiff nor F. was required by the contract of these parties to make any effort to induce the government to be content with the substitute convicted of desertion by a court-martial. The judgment of that court was evidence in

this case. *Lebanon* v. *Heath*, 47 N. H. 353; *Severance* v. *Healey*, 50 N. H. 448.   The conviction of W. tended to show that the government was not satisfied with him as a substitute for F., and revoked its acceptance of him, and that the revocation was not caused by any fault of F. or the plaintiff, or by any mistake which would have been corrected by the exercise of reasonable diligence on the part of F. or the plaintiff.   If it was not necessary for the plaintiff to show the conviction of W. as the reason why he failed to answer the practical purpose of a substitute for F., the defendants were not harmed by the admission of the evidence of the reason.

*Judgment for the plaintiff.*

FOSTER, STANLEY, and CLARK, JJ., did not sit: the others concurred.